IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS C. AMERAL,

    Petitioner,                      No. CIV S-07-0871 FCD DAD P

    vs.

SUZAN HUBBARD, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

          Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 17, 2007, the undersigned ordered respondent to file a response to the petition. On November 9, 2007, respondent filed a motion to dismiss, arguing that petitioner already has a petition pending in this court and has failed to exhaust his state judicial remedies with respect to some of the claims contained in the petition in this action. On December 20, 2007, petitioner filed a timely opposition to the motion. On January 7, 2008, respondent filed a timely reply.

**BACKGROUND**

          On May 6, 2005, a Sacramento County Superior Court jury convicted petitioner of the felony offense of making criminal threats and of misdemeanor contempt of court. (Am. Pet. at 2; Resp't's Lodged Doc. 4.) In a bifurcated proceeding, the trial court found that petitioner

had suffered a prior serious felony conviction, which constituted a strike, and sentenced him to a total term of nine years in state prison. (Am. Pet. at 2; Resp't's Lodged Doc. 4.) On May 10, 2006, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction. (Resp't's Lodged Doc. 4) On July 19, 2006, the California Supreme Court denied his petition for review. (Id., Doc. 6.)

On or about November 21, 2006, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Resp't's Lodged Doc. 7.) On January 5, 2007, the court denied the petition as procedurally barred. (Id., Doc. 8.)

On November 16, 2006, petitioner filed a federal petition in this court ("first petition"), and on January 29, 2007, respondent filed an answer in that action, which is still pending. See Case No. CIV S-06-2566 FCD EFB P.

On or about June 7, 2007, petitioner filed a second petition for writ of habeas corpus in Sacramento County Superior Court. (Resp't's Lodged Doc. 10.) On July 26, 2007, that court denied the petition on the procedural ground that petitioner should have raised the claim on direct appeal. (Resp't's Lodged Doc. 11.) The Superior Court also denied the petition on the merits. (Id.)

On May 8, 2007, petitioner filed his petition for writ of habeas corpus in this court. On September 10, 2007, petitioner filed his amended petition ("amended petition").

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

Respondent argues that petitioner's amended petition should be reassigned to the assigned Magistrate Judge in Case No. CIV S-06-2566 FCD EFB P and then dismissed with prejudice. (Resp't's Mot. to Dismiss at 3.) Respondent has filed an answer in the other case pending before this court and contends that petitioner should not be allowed to circumvent the requirements for amended pleadings by pursuing relief in this separate action. (Id.)

/////

1    Alternatively, respondent argues that petitioner failed to comply with the
2 requirement that he fairly present to the state's highest court at least two of the claims set out in
3 his amended petition in this action. (Resp't's Mot. to Dismiss at 3-4.) Respondent notes that
4 petitioner has raised the following four claims in his amended petition in this action: (1) the
5 prosecutor committed Wheeler/Baston error; (2) California Evidence Code § 1109 violates due
6 process; (3) the trial court erred by denying his motion for a new trial; and (4) his rights under the
7 Double Jeopardy Clause were violated. (Id. at 4.) Respondent contends that the only filing
8 petitioner submitted to the California Supreme Court was his petition for review on direct appeal.
9 (Id.) Therein, petitioner raised only the issues addressed in claims one and two of his amended
10 petition in this action and did not raise claims three and four. (Id.) Accordingly, respondent
11 contends that the petitioner's federal petition is "mixed" and should be dismissed.
12 II. Petitioner's Opposition
13    In opposition, petitioner appears to argue that he filed his first petition in federal
14 court and, while it was pending, returned to state court to present his double jeopardy claim.
15 (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) After the state court denied his petition, he filed
16 his petition for writ of habeas corpus in this action. (Id.) Petitioner explains, however, that the
17 petition in this action was intended by him as a supplement to his first federal petition but he
18 received a new case number from the Clerk of the Court upon its filing. (Id.) Petitioner states
19 that he is making his best effort to pursue this action properly but suffers from psychological
20 problems and has no legal knowledge. (Id. at 3.)
21 III. Respondent's Reply
22    In reply, respondent first notes that petitioner has attached to his opposition a
23 petition for writ of habeas corpus that he contends was filed in the California Supreme Court.
24 (Resp't's Reply at 1.) However, respondent argues that no such petition appears to have been
25 actually filed. (Id.) Moreover, respondent contends that, even if the petition had been submitted
26 /////

1 to the California Supreme Court, it only included petitioner's double jeopardy claim, leaving any
2 claim that the trial court erred in denying his motion for a new trial still unexhausted. (Id.)

### ANALYSIS

In petitioner's amended petition in this action, he challenges a judgement of conviction entered in the Sacramento County Superior Court in 2005. (Am. Pet. at 2.) Respondent correctly points out, and the court's records reveal, that petitioner previously filed a petition for writ of habeas corpus in this court attacking that same conviction. See Case No. CIV S-06-2566 FCD EFB P. Petitioner filed the earlier petition on November 16, 2006, and raised the following two claims: (1) the prosecutor committed Wheeler/Baston error; and (2) California Evidence Code § 1109 is unconstitutional. The petition is still pending in that earlier action.

The recent decision in Woods v. Carey, __ F.3d __, 2008 WL 2009739 (9th Cir. May 12, 2008) provides this court with guidance in resolving the pending motion. In that case a pro se petitioner had filed a habeas petition ("2003 petition"), challenging among other things the California Board of Prison Terms' decision finding him ineligible for parole. 2008 WL 2009739, *1. Before the district court issued a ruling on the 2003 petition, petitioner filed another pro se petition ("2004 petition"), challenging among other things the Board of Prison Terms' alleged reclassification of him as a life prisoner. Id. The district court dismissed petitioner's 2004 petition as successive, pointing out that a court may not review a "second or successive" petition unless the petitioner has obtained authorization from the court of appeals. Id. The Ninth Circuit reversed, joining the Second Circuit in holding that where a pro se petitioner files a new petition before the district court has adjudicated the petitioner's prior petition, the court should construe the new petition as a motion to amend the pending petition rather than as a "second or successive" petition. In this regard, the Ninth Circuit stated as follows:

> The Second Circuit's logic applies with special force in the context of pro se litigants. A document filed pro se is 'to be liberally construed, and a ' pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, ___U.S.___,___, 127 S.

4

> Ct. 2197, 2200 (2007) (per curiam) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)) (internal citations omitted); <u>see also</u> <u>Corjasso v. Ayers</u>, 278 F.3d 874, 878 (9th Cir .2002) ( Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel.); <u>United States v. Seesing</u>, 234 F.3d 456, 462 (9th Cir.2001) (Pro se complaints and motions from prisoners are to be liberally construed.).  If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition. Accordingly, we follow the persuasive reasoning of the Second Circuit, and see no reason why its treatment of petitions filed under § 2255 and § 2241 should not extend equally to petitions filed under § 2254.
>
> Thus, we hold that the district court should have construed Woods's pro se habeas petition as a motion to amend his pending habeas petition.  The district court then has the discretion to decide whether the motion to amend should be granted.

2008 WL 2009739, *3-4 (parallel citations omitted). <u>See also</u> <u>Ching v. United States</u>, 298 F.3d 174 175 (2d Cir. 2002) (holding that "a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion"); <u>Grullon v. Ascroft</u>, 374 F.3d 137, 138 (2d Cir. 2004) (extending the holding in <u>Ching</u> to cover successive petitions filed under § 2241).

    Applying the Ninth Circuit's holding in <u>Woods</u> to this case, the court will construe petitioner's pro se petition as a motion to amend his pending habeas petition in Case No. CIV S-06-2566 FCD EFB P.  Respondent emphatically argues that she will oppose any attempt by petitioner to amend his petition in that earlier filed action because, she asserts, there is no justification for his delay in filing the new claims and at least two of those claims are unexhausted.  Of course, district courts have discretion to decide whether a motion to amend should be granted.  <u>See</u> 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); <u>see also</u> <u>Woods</u>, 2008 WL 2009739 at *4.  Whether petitioner should be allowed to amend his petition in Case No. CIV S-06-2566 FCD EFB P is question is properly left to the assigned judges in that case.

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's November 9, 2007 motion to dismiss be denied;

2. The Clerk of the Court be directed to refile petitioner's September 10, 2007 amended petition in petitioner's earlier filed case, Case No. CIV S-06-2566 FCD EFB P; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
amer0871.157

6